IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VIPER NURBURGRING RECORD, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. 18-4025-HLT-KGG |
| vs. | ) ) |
| ROBBINS MOTOR CO., LLC, and CLAYTON ROBBINS, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER DENYING MOTION TO AMEND COMPLAINT

Before the Court is the Motion for Leave to Amend Complaint filed by Plaintiff Viper Nurburgring Record, LLC (hereinafter "Viper," "VNR," or "Plaintiff"). (Doc. 44.) Having considered the submissions of the parties as well as the Scheduling Order in this case, Plaintiff's motion is **DENIED**.

## FACTUAL BACKGROUND

This is a copyright infringement case. Defendants summarized the "nature of the case" in its Motion to Compel (Doc. 50) currently pending before this Court.[1] Defendants' summary is as follows:

> Plaintiff is an entity formed to set a world record time for a production or 'stock' Viper – that is, a 'normal' Viper

---

[1] This Motion to Compel (Doc. 50) will be decided by this Court under separate Order. The Court is incorporating this factual summation, however, because neither party summarized the factual background of this case in the context of the present motion. (*See generally* Docs. 44, 48, 51.)

1

> car off the production line or taken from stock, and not specially modified other than minor things like a safety cage for the drive – on the Nurburgring track in Nurburg, Germany. Defendants were a sponsor and contributed thousands of dollars to help support this world record attempt.
>
> VNR hired a professional photographer to document the event. In exchange for Defendants' support and sponsorship, VNR gave Defendants an express license to use at least one photograph, and (Defendants argue) at the least an implied license to use the others. Some of the photographs were later offered on the photographer's website for license at $99 per photo, and many were also reproduced on social media with commentary from Viper owners (there is a Viper Owners website and online community).
>
> The world record attempt failed (even though, it now appears, VNR may have surreptitiously made major and illicit modifications to boost the car's power). A few months later, VNR claimed Defendants had to pay more money for the license for the already promised photograph, and then in March 2018 asserted that Defendants had infringed VNR's purported copyrights by using a number of other photographs. Defendants disagreed. This lawsuit ensued.

(Doc. 50, at 2.)[2]

Plaintiff brings the present motion seeking leave to amend the Complaint out of time to add Russell Oasis, owner of Plaintiff VNR, as a named Plaintiff and to add a cause of action for defamation against Defendant Robbins based on allegedly

---

[2] The Court notes that in responding to Defendant's motion to compel, Plaintiff did not specifically controvert any portion of this factual summation. (Doc. 53, at 2-3.) Although Plaintiff may prefer additional facts be included for clarification purposes, the Court will accept this background as true and sufficient for purposes of the present motion.

"false and defamatory statements Mr. Robbins published online about Mr. Oasis."
(Doc. 44, at 1.)

## ANALYSIS

**A.    Standard for Consideration of the Motion.**

Plaintiff moves the Court for an Order allowing it to amend its Complaint past the deadline to amend or modify pleadings contained in the Scheduling Order. As such, the Court's analysis focuses on Fed.R.Civ.P. 16(b), which governs modifications to Scheduling Orders.

Rule 16(b)(4) provides that the Scheduling Order "may be modified only for good cause and with the judge's consent." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993). "This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion." ***In re Daviscourt***, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing ***Burks v. Okla. Publ'g Co.***, 81 F.3d 975, 978–79 (10th Cir.1996)).

In support of its motion, Plaintiff contends that it

> has been aware of online statements made by Defendants that are defamatory specifically to Mr. Oasis and his personal reputation. Discovery in this case has further supported the claims of Mr. Oasis and also established

3

> further dissemination of such statements. Initially VNR was optimistic that the claims between VNR and Defendants in this case would be resolved and that the resolution could be expanded upon to also eliminate the claims of Mr. Oasis. However, the parties conducted mediation in Kansas City on September 26, and their efforts were unsuccessful. Although Mr. Oasis could pursue his personal claim of defamation against Defendants in Florida, where he resides, principles of judicial economy suggest that this dispute may be a better and more efficient route to resolve both the claims of VNR and those of Mr. Oasis. Accordingly, VNR believes there is good cause to allow the addition of Mr. Oasis and his defamation claim to this action.

(Doc. 44, at 2.) Plaintiff argues that "there is no prejudice to Defendants" if the amendment is allowed because Defendants "have certainly known of the claims of Mr. Oasis, and the discovery requested and received overlaps with what would be involved in the separate defamation claim." (*Id.*)

Plaintiff continues that the proposed amendment will not impact the timing of discovery in this case because "the parties have begun scheduling depositions in this case, but party depositions likely will not occur until after Thanksgiving, providing plenty of time for the parties to seek further discovery on this claim in advance of depositions." (*Id.*) Finally, Plaintiff argues that requiring Mr. Oasis to file a separate action in Florida "will require additional party resources by both sides that may be conserved by bringing the separate claim in this action." (*Id.*)

It is well-established that lack of prejudice to the nonmovant does not establish the requisite good cause to modify a scheduling order. ***Deghand v. Wal–***

*Mart Stores, Inc.*, 904 F.Supp. 1218, 1220 (D.Kan.1995) (affirming a magistrate's order denying a motion to amend complaint that was untimely filed under the case's scheduling order). Stated another way, the "good cause" standard of Rule 16(b) "focuses on the diligence of the party seeking to modify the scheduling order," not prejudice to the other party. ***Manuel v. Wichita Hotel Partners***, No. 09–1244–WEB–KGG, 2010 WL 3861278, at *2 (D.Kan. Sept. 20, 2010). Additionally, lack of prejudice to the responding party, on its own, is not enough to justify modifying a scheduling order under Rule 16. ***Monge v. St. Francis Health Ctr., Inc.***, No. 12–2269–EFM, 2013 WL 328957, at *2 (D.Kan. Jan. 10, 2013).

Defendants respond that Plaintiff was not diligent in seeking to modify the Scheduling Order. To the contrary, Defendants contend that Plaintiff could have included these claims at the outset of litigation.

> Plaintiff has been aware of its alleged claims for defamation since the inception of this lawsuit and chose not to include a cause of action for defamation in the Complaint. Despite its knowledge of the facts forming the basis of a defamation claim, Plaintiff failed to amend the Complaint within the deadlines set out in the scheduling order.

(Doc. 48, at 1.) Defendant continues that

> Plaintiff's claim that it did not include the defamation claims at the outset because it thought the matter, including any concerns with potential defamation, would settle in early mediation is disingenuous. There was never any assurance that this matter would settle. In addition, Plaintiff's alleged defamation claim was never a

5

> part of this lawsuit and, therefore, could not rightfully be considered for mediation, nor was it. Plaintiff now seeks to bring defamation claims as part of this lawsuit merely for the purpose of inciting more bad blood between the parties. It is plain that Plaintiff now seeks to add this claim only to increase what Plaintiff evidently perceives will be its additional leverage from doing so. Plaintiff amends now only because the mediation failed, and indeed failed immediately since the parties have radically different assessments of the case's worth, if any.

(*Id.*, at 2-3.)

In addition, Defendant argues that it would be subject to undue prejudice if Plaintiff was allowed to amend the Complaint past the deadline.

> Defendants have already spent substantial time and expense preparing for the recent mediation, engaging in discovery, and preparing for depositions wherein Defendants relied on the existing Complaint. *See* ***Xiangyuan Zhu v. Countrywide Realty***, 160 F.Supp.2d 1210, 1226 (D.Kan. 2001) (amendments that inject new issues or theories into the case and prolong discovery may cause substantial prejudice). Defendants are further prejudiced in having to defend against an additional claim well into the discovery process that poses the theoretical possibility of substantial additional liability. Moreover, Defendants will be subjected to substantially higher attorneys' fees and costs if Plaintiff is allowed to amend at this time.

(*Id.*, at 3.) The Court notes that by the time the present motion was fully briefed, there were only two months remaining before the discovery deadline in this case – and those two months would include both the Thanksgiving and Christmas holidays, further straining the schedule.

Defendant continues that Plaintiff was "aware of all of the facts and circumstances that might support a claim for defamation well before this lawsuit was filed," but "Plaintiff chose not to include a claim for defamation." (Doc. 48, at 4.) Plaintiff replies that this is "incorrect." (Doc. 51, at 2.)

> Defendants threatened to defame Mr. Oasis if he dared file suit (which was known to VNR) but did not follow through with those threats until after the complaint was filed and served. Additionally, it was only after Defendants produced documents two months ago that VNR received evidence of additional defamatory statements made by Defendants. At that point mediation was around the corner, along with the potential to resolve all of the issues. Only once that mediation opportunity came and went were VNR and Mr. Oasis faced with the question of amendment here or a new case in Florida.

(*Id.*)

The Court finds Plaintiff's explanation for waiting to file a motion to amend until after the mediation to be unpersuasive. The deadline to amend was August 31, 2018. (Doc. 24, at 7.) Based on the above-quoted description of when Plaintiff received documents from Defendant evidencing "additional defamatory statements by Defendants," this disclosure would have occurred in August, prior to the amendment deadline and well before the mediation. If Plaintiff made the strategic choice to wait to move to amend until after the mediation on September 26, 2018, there is no explanation by Plaintiff as to why it could not have filed a timely motion to extend the deadline to move to amend. If anything, this potentially

would have strengthened Plaintiff's position at mediation by informing Defendant of the expanded litigation path Plaintiff intended to take if and when the mediation was unsuccessful.

The Court finds that Plaintiff has failed to establish that the Scheduling Order's deadline to move to amend could not have been met with diligence. *Parker*, 178 F.Supp.2d at 1210; *Denmon*, 151 F.R.D. at 407. The issue of diligence on the part of Plaintiff is the Court's focus. *Manuel*, 2010 WL 3861278, at *2. Tactical delay does not constitute "good cause" under Rule 16(b)(4). Further, even assuming Plaintiff was diligent, the Court does not agree with Plaintiff that there would be a lack of prejudice to Defendant if leave to amend was granted. Plaintiff's motion is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. 44) is **DENIED**.

**IT IS ORDERED**.

Dated this 21st day of November, 2018.

s/Kenneth G. Gale<br>
Kenneth G. Gale<br>
United States Magistrate Judge