# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VIPER NURBURGRING          )
RECORD, LLC,               )
                           )
         Plaintiff,        )     Case No. 18-4025-HLT-KGG
vs.                        )
                           )
ROBBINS MOTOR CO., LLC,    )
and CLAYTON ROBBINS,       )
                           )
         Defendants.       )
_____ )

## MEMORANDUM & ORDER ON
## DEFENDANTS' MOTION TO COMPEL

Before the Court is the Motion to Compel filed by Defendants Robbins

Motor Co., LLC and Clayton Robbins ("Defendants").  (Doc. 50.)  Having

considered the submissions of the parties, Defendants' motion is **GRANTED in**

**part** and **DENIED in part**.

## FACTUAL BACKGROUND

This is a copyright infringement case.  Defendants have summarized the

"nature of the case" in their motion as follows:

> Plaintiff is an entity formed to set a world record time for
> a production or 'stock' Viper – that is, a 'normal' Viper
> car off the production line or taken from stock, and not
> specially modified other than minor things like a safety
> cage for the drive – on the Nurburgring track in Nurburg,
> Germany.  Defendants were a sponsor and contributed
> thousands of dollars to help support this world record
> attempt.

VNR hired a professional photographer to document the event. In exchange for Defendants' support and sponsorship, VNR gave Defendants an express license to use at least one photograph, and (Defendants argue) at the least an implied license to use the others. Some of the photographs were later offered on the photographer's website for license at $99 per photo, and many were also reproduced on social media with commentary from Viper owners (there is a Viper Owners website and online community).

The world record attempt failed (even though, it now appears, VNR may have surreptitiously made major and illicit modifications to boost the car's power). A few months later, VNR claimed Defendants had to pay more money for the license for the already promised photograph, and then in March 2018 asserted that Defendants had infringed VNR's purported copyrights by using a number of other photographs. Defendants disagreed. This lawsuit ensued.

(Doc. 50, at 2.)[1]

Defendants bring the present motion seeking an Order compelling Plaintiff to provide "full and complete responses" to various Interrogatories and Requests for Production. (*Id.*)

## ANALYSIS

### A. Legal Standards for Discovery.

Fed.R.Civ.P. 26(b) states that

---

[1] The Court notes that in responding to Defendant's motion to compel, Plaintiff did not specifically controvert any portion of this factual summation. (Doc. 53, at 2-3.) Although Plaintiff may prefer additional facts be included for clarification purposes, the Court will accept this background as true and sufficient for purposes of the present motion.

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

"Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Funk v. Pinnacle Health Facilities XXIII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *3 (D. Kan. Nov. 19, 2918) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D.Kan.2003)). Further, once the "low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request." *Waters v. Union Pac. RR. Co.*, NO. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (citing *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on

overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections)).

## II. Disputed Discovery Requests.

Defendants are seeking supplemental responses to Interrogatories No. 1, 2, 7, 8, 13, 14, First Request for Production Nos. 10, 16, 18, 19, 26, 30, 31, 32, 34, 37, and Second Request for Production No. 1 and 2. Defendants' motion and reply brief tend to discuss the discovery requests in a more general fashion, rather than addressing the requests individually or in more specific categories. This approach has complicated the Court's analysis of the issues, often making it difficult for the Court to determine what Defendants contend is missing from Plaintiff's production. That stated, the Court will address the discovery requests at issue.

### A. Interrogatories 1, 2, 13, and 14.

Defendants have categorized these four Interrogatories together, contending they "seek discovery on the identities of all sponsors for the world record attempt, the benefits that Plaintiff promised and/or provided to each sponsor, negotiations for any licenses by sponsors, and information on any licenses to the photographs at issue." (Doc. 50, at 5.) Defendants argue that any licenses to the photographs at issue are relevant. (Doc. 50, at 5.) They contend that Plaintiff's "course of conduct towards other sponsors, including providing licenses to the photographs, is germane to assessment of a sponsor's rights and obligations to the photographs at

issue." (*Id.*, at 5-6.)  Defendants continue that "all sponsorships to the VNR attempt and the amount paid in financial support are relevant, because this information may suggest the monetary value of the photographs, illustrate the different benefits a sponsor was given based on the amount of monetary support provided, and the estimated value of a license for use of the photographs." (*Id.*, at 6.)

According to Defendants, Plaintiff's "treatment of and course of conduct towards other sponsors is useful to assess and characterize its relationship with Defendants, including the rights and obligations related to use of the photographs at issue." (*Id.*, at 6.)  They argue that such information "may show that Defendants' sponsorship entitled it to implied licenses for use of all photographs based on the total financial support it provided as compared to other sponsors" and also provides a basis for determining "the monetary value of licenses to the photographs and value of the photographs." (*Id.*)  Further, Defendants contend the requested information might also reveal that other sponsors have implied licenses to the photographs. (*Id.*)  Defendant has, however, made no attempt to proffer an evidentiary basis for its claim that any particular conduct of Plaintiff towards this Defendant supports its claim for an implied license to use photographs beyond the express grant.  This makes the discovery of Plaintiff's treatment of other sponsors, for the purpose of supporting its theory, of dubious relevance.  However, out of an

abundance of caution, and without opining whether such would be ultimately admissible at trial, the Court will order the production of discovery into express agreements for the limited or unlimited use of the photographs with other sponsors, and into the identity of all sponsors to facilitate Defendant's investigation into whether other unlicensed sponsors used photographs. Within the context of these general theories, the Court will address these four Interrogatories individually.

### 1. Interrogatory No. 1.

Interrogatory No. 1 asks Plaintiff to "[i]dentify all individuals or entities that provided payments or other financial support to VNR for the 'world record attempt' as described in your Complaint, and indicate the total amount of support each such individual or entity provided." (Doc. 50-2, at 1.) Plaintiff objects that the request is irrelevant and not proportional to the needs of the case "except for sponsorships that included a license to use the copyrighted images identified in the complaint." (Doc. 50-2, at 1.) Plaintiff also objects that the requested information is "confidential and private, and to the extent VNR discloses sponsorships that included a nonexclusive license to use the copyrighted images identified in the complaint, such information shall be provided under the Court's Protective Order." (*Id*.) Plaintiff then included a list of sponsors to whom a license was provided for such images, designating the same as "confidential." (*Id*., at 1-2.)

The Court finds Plaintiff should supplement this with a list of all sponsors. The request, as worded, is otherwise facially overbroad and seeks information not relevant to this case. Plaintiff is not required to provide the additional information (*e.g.* the amount of support) that was requested. These objections are sustained. Defendants' motion is **DENIED** as to Interrogatory No. 1.

## 2. Interrogatory No. 2.

This discovery request asks Plaintiff to "[i]dentify all individuals or entities that you have sold or otherwise provided a license to for the Photographs." (Doc. 50-2, at 2.) Plaintiff objects that the information is "confidential and private." (*Id.*) Plaintiff continues that it "has not sold the copyrighted images identified in the complaint, but to the extent these images have been the subject of a non-exclusive license, the licensee shall be provided under the Court's Protective Order." (*Id.*) Plaintiff then attached a "list of sponsors to whom a non-exclusive license to said images was provided," which was marked as "confidential" pursuant to the Protective Order.

In response to Defendants' motion, Plaintiff indicates that it has "identified all non-exclusive licensees who were sponsors." (Doc. 53, at 7.) Plaintiff attests that, beyond the licenses contained in the list, Plaintiff has not "sold" any photograph at issue. (*Id.*) Plaintiff argues that its response to Interrogatory No. 2 "is not lacking in any respect, and Defendants fail to identify any alleged

insufficiency, instead simply arguing VNR should provide something more." (*Id.*, at 8.) The Court agrees. Both Defendants' motion and reply brief fail to specifically indicate how Plaintiff's response to Interrogatory No. 2 is insufficient.[2] Defendants' motion is **DENIED** as to Interrogatory No. 2.

### 3. Interrogatory No. 13.

This Interrogatory instructs Plaintiff to "[i]dentify all benefits, including placing the name or logo of the sponsor on the vehicle, you provided to any sponsor of the VNR world record attempt." (Doc. 50-2, at 7.) Plaintiff objects that the Interrogatory seeks irrelevant information and is not proportional to the needs of the case, "except for sponsorships that included a license to use the copyrighted images identified in the complaint." (*Id.*) Plaintiff also objects that the information is "confidential and private, and to the extent [Plaintiff] discloses sponsorships that included a nonexclusive license to use the copyrighted images identified in the complaint, such information shall be provided under the Court's Protective Order." (*Id.*) Plaintiff then provided a "list of sponsors to whom a

---

[2] Plaintiff continues that "beyond the licensees already identified in information provided to Defendants, [Plaintiff] has not authorized use of the photographs at issue. If others are making unlicensed use of the photographs, such uses are also infringement and [Plaintiff] can separately pursue other infringement." (Doc. 53, at 7-8.) Plaintiff correctly argues that even if such infringement has occurred, it would not excuse Defendants' infringement. (*Id.*)

non-exclusive license to said images," which was marked as "confidential" pursuant to the Protective Order. (*Id.*) The list "also sets forth other benefits provided these specific sponsors," according to Plaintiff. (*Id.*)

In response to Defendants' motion, Plaintiff argues that that Defendants are of the position that "any sponsorship is relevant despite having nothing to do with either the photographs at issue or the Defendants' infringement." The Court agrees that information beyond simply identifying sponsors regarding sponsorships that are unrelated to photographs or related licenses is overly broad and irrelevant to the claims in defenses in this case. Plaintiff states it "has provided information and documentation for those sponsors who received a non-exclusive license to the photographs at issue." (Doc. 53, at 9.) As Plaintiff opines, "[i]f another sponsor got its name on the car and did not get a license, how does that relate to Defendants' infringement? It does not." The Court agrees. Defendants' motion is **DENIED** as to this interrogatory.

### 4.     Interrogatory No. 14.

Interrogatory No. 14 asks Plaintiff to identify "all sponsors of the VNR world record attempt that 'negotiated for a license" to use the Photographs, as discussed in paragraph 13 of your Complaint." (Doc. 50-2, at 7.) Plaintiff objects that the interrogatory seeks information that is irrelevant or not proportional to the needs of the case, "except for sponsorships that included a license to use the

copyrighted images identified in the complaint." (*Id.*) Plaintiff also objects that the information sought is "confidential and private, and to the extent [Plaintiff] discloses sponsorships that included a non-exclusive license to use the copyrighted images identified in the complaint," Plaintiff will produce it subject to the Protective Order. That stated, Plaintiff includes a list, marked as confidential, "of sponsors to whom a license to said images was provided." (*Id.*, at 8.)

Plaintiff contends that Defendants' motion

> fails to identify what further information is sought. Where sponsors sought out and were provided a license, VNR provided identifying information for those sponsors. Nothing more is sought and therefore nothing more is required. The motion to compel should be denied with respect to this interrogatory.

(Doc. 53, at 10.) The Court agrees. Defendants' motion (Doc. 50) fails to indicate what information they are attempting to discover beyond what is included in the provided list "of sponsors to whom a license to said images was provided." Defendants' motion is **DENIED** as to Interrogatory No. 14.

## B. Interrogatories Nos. 7 and 8.

Interrogatory No. 7 asks Plaintiff to "[i]dentify each and every URL, web site, web page, and social media account on which you promoted and/or sought sponsorship for VNR's 'world record attempt.'" (Doc. 50-2, at 4.) Interrogatory No. 8 instructs Plaintiff to "[i]dentify all efforts you made to secure financing or sponsorships for the VNR 'world record attempt.'" (*Id.*, at 5.) In response to each,

Plaintiff objects that the Interrogatories are irrelevant and not proportional to case, "as no sponsorships were publicly promoted as including a license to the copyrighted images referenced in the complaint." (*Id.*, at 5.)

Defendants contend that although Plaintiff's counsel "agreed that Plaintiff would provide information on any webpage or social media postings as requested in Interrogatory No. 7," by the filing of the present motion, Plaintiff had failed to file a supplemental response. (Doc. 50, at 6-7.) Plaintiff's response to the motion makes no reference to, and does not deny, this promised supplemental response. As such, Plaintiff is instructed to supplement accordingly. Defendants' motion is **GRANTED** as to Interrogatory No. 7. Supplemental responses are due **within thirty (30) days of the date of this Order**.

As to Interrogatory No. 8, Defendants contend that Plaintiff's interactions with potential sponsors are relevant because Plaintiff "may have advertised to potential sponsors that a benefit of sponsorship would be access to use photographs taken at the event" or "may have promised use of more than one photograph to another potential sponsor for less financial support than was given by Defendants." (*Id.*, at 7.) Even considering the broad scope of discovery relevance, the Court does not agree with Defendants as to the relevance of how Plaintiff "went about gaining sponsorship and the benefits or perks promised in return for financial or other support are related to Plaintiff's claims and Defendants' defenses." (*Id.*)

Evidence that "other sponsors that received similar promises of one or more licenses to use the photographs based on financial sponsorship" is not probative of what agreements existed between Plaintiff and Defendants in this case. Defendants' motion is **DENIED** as to Interrogatory No. 8.

### C. First Requests for Production.

#### 1. Request No. 10.

Request No. 10 asks for "[a]ll documents related to your purchase of the Photographs from photographer Eric Meyers." Plaintiff objects that the request is vague, irrelevant, and disproportionate to the case "as the request is not limited to postings that relate to the Registered Works." (Doc. 50-2, at 15.) That stated, Plaintiff indicated it would "produce the agreements memorializing the assignment of rights to the Registered Works by Eric Meyers." (*Id.*)

Defendants contend that this is insufficient. They argue that "the negotiations with Eric Meyers may reveal important facts regarding the value of the images and other information related to the validity of the copyrights" such as the fee paid to Meyers "may be an admission by conduct and otherwise indicate the fair market value of the photos." (Doc. 50, at 8.) Defendants also surmise there may "be issues about Plaintiff's purported ownership of the photos and the associated copyrights at all, since Plaintiff is not the author," which, Defendants

argue, is "directly related to Plaintiff's claimed damages and Defendants' affirmative defenses… ." (*Id.*)

Defendants indicate that the parties "discussed limiting this request to only those documents that discuss or relate directly to the photographs, such as correspondence negotiating the purchase or discussing copyright issues," but Plaintiff did not agree to such a limitation. The Court finds the proposed limitation to be fair and **GRANTS** Defendants' motion within these parameters.

## 2. Requests Nos. 16, 19, and 26.

These Requests seek discussions or references to the "world record attempt" on "[a]ll websites owned, operated, or controlled" by Plaintiff (Request No. 16), in "[a]ll social media postings" by Plaintiff (Request No. 19), or in "[a]ll postings on driveviper.com" by Plaintiff (Request No. 26). (Doc. 50-2, at 15, 16.) Plaintiff objects that the requests seek information that is irrelevant and disproportionate to the needs of the case because the requests are "not related to the Registered Works or Defendants' infringement." (*Id.*)

Defendants argue that Plaintiff's

> promotion of the event may include relevant information regarding sponsorships, benefits of sponsorship, and use of photographs taken during the event. Such evidence is germane to the assessment and characterization of VNR's relationship with Defendants, and how Defendants believed they were allowed to use the photographs at issue. Here, Defendants maintain that they shared some of the photographs at issue in order to further promote

the event and obtain financial support for the world record attempt. If VNR was taking similar action, this information would be relevant to whether Defendants' use was reasonable and unintentional infringement. This information is directly related to Plaintiff's claims and Defendants' affirmative defenses and should be produced.

(Doc. 50, at 8.)

Plaintiff responds that it supplemented its responses to Requests Nos. 16 and 19. As to Request No. 16, Plaintiff's supplemental response "notes that while the locations where VNR promoted the events is irrelevant to Defendants' infringement, VNR nonetheless had produced documents evidencing postings including the photographs at issue in this case made by VNR on websites it owns, operates or controls." (Doc. 53, at 12.) As to Request No. 19, Plaintiff indicates the supplemental response "produc[ed] social media postings by VNR that included the photographs at issue in this case. Other postings, unrelated to either the photographs at issue or Defendants' infringement, have no relevance to the issues in this case." (*Id.*, at 13.) Defendants' reply is silent as to these supplemental responses. The Court therefore surmises that the supplements provided sufficient information and **DENIES** Plaintiff's motion.

Plaintiffs' response – and Defendants' reply brief – are silent as to Request No. 26.[3]  The Court therefore instructs Plaintiff to supplement its response to Request No. 26 to include any references on driveviper.com regarding the photographs at issue in this case to the extent Plaintiff has not already done so. This portion of Defendant's motion is **GRANTED in part**.

### 3.     Requests Nos. 18 and 30.

Request No. 18 asks for "[a]ll correspondence regarding sponsorships or raising money for the 'world record attempt' as described in your Complaint." (*Id*.)  Request No. 30 seeks "[a]ll documents evidencing your attempts to solicit sponsors for the world record efforts in Nurburg, as described in your Complaint." (Doc. 50-2, at 17.)  Plaintiff objects that these requests are irrelevant and disproportionate to the case because they are "not related to the Registered Works or Defendants' infringement," but it agreed to produce "records evidencing non-exclusive licenses for the Registered Works."  (*Id*.)

Defendants argue that "Plaintiff's treatment of and course of conduct towards other sponsors is certainly germane to assessment and characterization of its relationship with Defendants, including rights and obligations with reference to the photographs at issue."  (Doc. 50, at 9.)  They continue that "[t]he information

---

[3]   The Court notes that Request No. 26 is not included in the list of discovery responses at issue at the beginning of Defendants' motion.  (Doc. 50, at 1.)  It is, however, specifically referenced in the body of the motion.  (*Id*., at 8.)

also may suggest the monetary value of licenses to the photographs and the photographs themselves." (*Id*.)

Plaintiff responds that correspondence regarding attempts to raise any type of sponsorship is irrelevant because "[t]here are nearly 600 people/entities that donated to VNR, and to go through documents related to every one of them is unduly burdensome when VNR has already produced the agreements with any sponsors that received a license." (Doc. 53, at 13.) The Court agrees. Request No. 18, on its face, encompasses irrelevant information. It is also facially overbroad, unduly burdensome, and disproportionate to the needs of the case.

The same is true for as to Request No. 30, which seeks "all documents evidencing your attempts to solicit sponsors… ." Plaintiff argues that its "efforts to obtain sponsorship have no possible connection to Defendants' infringement of photographs owned by [Plaintiff]." (Doc. 53, at 14.) Even assuming there is a possible connection between this information and Defendants' claims, they have failed to articulate it in a way that would counteract the facial overbreadth of the request or establish the proportionality of the effort to respond to the needs of the case. *Swackhammer*, 225 F.R.D. at 661, 662, 666 (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). As such, Defendants' motion is **DENIED** as to Requests Nos. 18 and 30.

### 4.    Requests Nos. 31 and 37.

Request 31 seeks "[a]ll documents related to any sponsor of the world record efforts receiving or negotiating for a license to the Photographs." (Doc. 50-2, at 17.)  Request No. 37 seeks "[a]ll documents relating to any secondary sponsor's sponsorship of VNR's world record efforts." (*Id.*, at 18.)  Plaintiff objects that these requests are irrelevant and disproportionate to the case to the extent they are not related to the Registered Works or Defendants' infringement. (*Id.*, at 17, 18.) As to Request No. 31, Plaintiff agreed to produce "records evidencing non-exclusive licenses for the Registered Works," while in response to Request No. 37, Plaintiff directs Defendants to its responses to interrogatories. (*Id.*)

Defendants contend that Plaintiff's actions in soliciting sponsorships and negotiating licenses to the photographs with other sponsors is relevant, proportional to the case and discoverable. (Doc. 50, at 9.)  They continue that, regardless of whether they were allowed to use only one photograph or had implied licenses to use all photographs at issue,

> Plaintiff may have negotiated with other sponsors for explicit licenses to more than one photograph for less financial support than what was provided by Defendants. This information is relevant to Plaintiff's claims that Defendants were only allowed use to one photograph, the reasonableness of Defendants' use, and Defendants' argument that any alleged infringement was unintentional and innocent.  It also reflects the monetary value of the photographs themselves and any licenses to the photographs. Plaintiff claims statutory damages in this

> matter which may range from $750 to $30,000 per
> infringement depending on the circumstances.  What
> [Plaintiff] was willing to accept as sponsorship (whether
> money, support, parts, tires, advertisement etc.) in
> exchange for licenses is a circumstance that will
> influence the potential amount of damages awarded in
> this case if Defendants infringed.

(*Id.*, at 9-10.)

Plaintiff responds that, as to Request No. 31, it "has already produced records for any sponsor who requested and received a nonexclusive license to the photographs at issue."  (Doc. 53, at 14.)  As for Defendants' claim that Plaintiff "may have negotiated with other sponsors for explicit licenses to more than one photograph for less financial support," Plaintiff contends that Defendants have the documents to analyze this question already in their possession, as Plaintiff "produced the documents evidencing each sponsor license."  (*Id.*)  As to Request No. 37, Plaintiff contends that despite the overbreadth and burdensome nature, it "has produced documents evidencing any sponsorship that yielded a license to the photographs in this action."  (*Id.*, at 16.)

Defendants' reply brief does not discuss Requests Nos. 31 and 37 specifically.  (*See* Doc. 56.)  As such, the Court cannot determine what additional documents Defendants are seeking and will not attempt to assume what information Defendants contend is lacking.

Further, Request No. 37 is facially overbroad, unduly burdensome, and disproportionate to the needs of the case as it seeks "[a]ll documents relating to any secondary sponsor's sponsorship of VNR's world record efforts." The Request, as worded, clearly encompasses significant information that is unrelated to the claims and defenses in this case, which relate to the subject photographs and licenses. As such, Defendants' motion is **DENIED** as to Requests Nos. 31 and 37.

### 5. Requests Nos. 32 and 34.

Request No. 32 asks for "[a]ll documents illustrating any monetary compensation received by you for use of the Photographs." (Doc. 50-2, at 17.) Plaintiff objects that the Request is irrelevant and disproportionate to the case "to the extent it seeks 'all documents illustrating any monetary compensation,' as the request is not related to the Registered Works or Defendants' infringement." (*Id.*) Plaintiff then directed Defendants to its responses to interrogatories "for the monetary compensation provided by those who received a non-exclusive license." (*Id.*)

Request 34 asks for "[a]ll documents illustrating payments received for licenses to the photographs, as described in your Complaint." Plaintiff objects that the request is not relevant and not proportional to the needs of the case "to the extent it seeks 'all documents…'" (Doc. 50-2, at 17-18.) Plaintiff continues that

"[t]o the extent [it] has any such documents in its custody or control, documents evidencing the amounts paid for non-exclusive licenses will be produced."

Defendants argue that "[i]ncredibly, because this is a central issue in damages, Plaintiff objects that the documents are irrelevant, or should be limited only to non-exclusive licenses. These requests are directly related to Plaintiff's claims for damages and the value of the photographs at issue." (Doc. 50, at 10.)

Plaintiff responds that it "has produced documents showing what each sponsor paid for a license" and that "[n]o further compensation has been provided beyond these licenses." (Doc. 53, at 15.) Plaintiff continues that

> Defendants suggestions that the photographs at issue
> have been sold by VNR is simply untrue. VNR has
> objected to the extent this request seeks 'all documents
> illustrating monetary compensation…' because it
> seemingly goes beyond the license documents to every
> document related to the same transaction, whether voided
> checks, bank statements, wire transfer receipts, etc. To
> request 'all' documents is overly broad and a waste of
> time and resources.

(*Id*.)

Defendants' reply brief does not discuss these requests or the issue of compensation for the licenses or photographs. (*See* Doc. 56.) Again, the Court is unable to determine what additional documents Defendants are seeking and the Court will not attempt to assume what information Defendants contend is lacking.

Further, the Requests are facially overbroad, unduly burdensome, and disproportionate to the needs of the case by seeking "all" such documents. The Court agrees with Plaintiff that every document related to the transactions would encompass voided checks, bank statements, wire transfer receipts, and the like. Defendants have made no effort to explain how the burden required for Plaintiff to compile and produce all such information would be proportionate to the needs of the case. This is particularly notable given that Plaintiff has already produced "documents showing what each sponsor paid for a license" and has attested that "[n]o further compensation has been provided beyond these licenses." (Doc. 53, at 15.) The Requests, as worded, clearly encompass significant information that is unduly burdensome and disproportionate to the needs of the case. As such, Defendants' motion is **DENIED** as to Requests Nos. 32 and 34.

### D. Second Requests for Production Nos. 1 and 2.

#### 1. Request No. 1.

Request No. 1 seeks "[a]ll correspondence between you and Eric Meyers." Plaintiff objects that the request is vague, overly broad, not relevant and not proportional to the needs of this case. (Doc. 50-3, at 1.) That stated, Plaintiff provided "the agreement with Eric Meyers and the assignment of the Registered Works." Defendants indicate that

> [t]his includes discussion of the event, compensation for
> his services, use of the photographs, and registration of

> copyrights. ...Defendants seek this discovery to
> investigate Plaintiff's claims of valid copyright and value
> of the photographs at issue. Counsel for Defendants
> discussed limiting the scope of the request to not include
> various emails regarding benign topics like scheduling or
> flight information, but Plaintiff still refused to produce
> documents within a narrower scope.

(Doc. 50, at 10.)

Plaintiff responds that it has met its duty of production by providing

Defendants with the agreements with Meyers. Plaintiff asks, "What could other

correspondence have to do with Defendants' copyright infringement?" (Doc. 53,

at 16.) The Court agrees with Plaintiff. The limited probative value of this

information does not outweigh the burden that would be imposed on Plaintiff to

respond. Defendants' motion is, thus, **DENIED** as to Request No. 1.

### 2. Request No. 2.

Request No. 2 asks for "[a]ll correspondence between you and Colin Fox

related to documenting the world record attempt, as described in your Complaint."

Mr. Fox was the videographer for the VNR events. Plaintiff again objects that the

request is vague, overly broad, irrelevant, and not proportional to the needs of the

case because "Colin Fox was not involved in any of the Registered Works." (Doc.

50-3, at 1.)

Defendants contend that this Request seeks information "related to whether

Plaintiff also acquired licenses to Mr. Fox's photographs or video, and the value of

those services." (Doc. 50, at 10-11.) According to Defendants, this information should be produced because it "is related to Plaintiff's claimed damages and the value of the photographs at issue..." (*Id.*) Defendants dispute Plaintiff's objections that because the Request does not relate to the Registered Works, it is vague, overbroad, irrelevant and not proportional to the needs of the case. According to Defendants, "Plaintiff's conduct and treatment of other copyrighted or copyrightable material stemming from the world record attempt is directly relevant to assessment and characterization of the subset at issue." (*Id.*)

Plaintiff responds that although it retained the services of numerous professionals for its record attempt, "only the infringement of photographs taken by Mr. Meyers are at issue in this case" and that it "has not asserted any claims of infringement as to copyrighted works of Mr. Fox by Defendants." (Doc. 53, at 17.) Plaintiff continues that "[t]here is simply no connection between Defendants' infringement of photographs taken by Mr. Meyers and owned by VNR, and correspondence between VNR and Mr. Fox." (*Id.*)

Defendants reply that "[t]he value exchanged for any rights to similar photographs taken by Colin Fox may also inform questions of the value of the photographs at issue and reasonable calculation of damages, if infringement is found." (Doc. 56, at 3.) The Court does not agree. There are no claims of infringement as to copyrighted works of Mr. Fox in this case. The information is

simply not relevant to this case. Defendants' motion is, thus, **DENIED** as to Request No. 2.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 50) is **GRANTED in part** and **DENIED in part** as more fully set forth above. All supplemental responses shall be served **within thirty (30) days of the date of this Order**.

**IT IS ORDERED**.

Dated this 3rd day of December, 2018.

s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge